IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH        *

      v.                               *   CIVIL ACTION NO.  CCB-15-9

U.S. ATTORNEY, *et al*.              *
TECHNOLOGY (ILLEGAL HOME –
   BUSINESS)                           *
                                        *****

**MEMORANDUM**

On January 5, 2015, plaintiff, a resident of Baltimore, Maryland filed this self-represented action naming the United States Attorney and "Technology" as defendants.  In her statement of facts, she states the following:

> I am filing a claim for violation of constitutionality of state statues [sic] since my human (civil) rights are violated. My unknown neighbors [at] 4234 Shamrock Ave, Baltimore, Maryland 21206 have jumped started an illegal advertising business that states technology.  This unknown business invades my privacy to public disclosure (4th and 5th Amendment violation) 24/7 nonstop radio (car) cellphone (sexting) maybe illegal websites without my written consent uphold Federal Rule 18 U.S.C. [§] 2513 and Rule 302.  1st disconnect government cable devices from telecommunication systems main headquarters.  Then forefeit all recorded/illegal advertising. Criminal law 5-804, 11-202, 7-308.  Please consider to grant my relief: 8 years loss time-loss wages (pending criminal cases #506069025 and #506069026 dismissed false arrest) mental anguish, misappropriation, disclosure punitive damages, identity theft, and ongoing cyberstalking (invasion with tech-recording disclosure devices).

(Compl. 2, ECF No. 1.)  Plaintiff asks that unlawful devices be disconnected and that she be awarded $3 billion in damages.  (*Id*. at 3.)[1]

Plaintiff has moved to proceed in forma pauperis.  (ECF No. 2.)  Because she appears indigent, she shall be granted leave to proceed without prepayment of the $400.00 civil filing fee.

---

[1] Attached to the complaint are copies of Maryland criminal statutes relating to extortion, administrative inspection warrants, the distribution of obscene matter, false claims, and embezzlement and "Presidential Documents" relating to infrastructure cybersecurity.  (*Id.* at 4-9.)

Her complaint will, however, be summarily dismissed.

Pursuant to 28 U.S.C. § 1915,[2] courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, courts perform a preliminary screening of non-prisoner complaints.[3] *See, e.g.*, *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming district court's dismissal of non-prisoner's complaint under § 1915(e)(2)(B)); *Evans v. Albaugh*, No. 3:13-CV-11, 2013 WL 5375781, at *1 n.1 (N. D. W.Va. Sept. 25, 2013) (noting that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, plaintiff is self-represented. When reviewing a complaint filed by a self-represented plaintiff, courts hold it "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless[.]'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 490 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are

---

[2] The statute provides in pertinent part:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Plaintiff has filed several prior cases raising civil rights claims regarding alleged wiretapping by her neighbor. *See Randolph v. State*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General, et al.*, Civil Action No. GLR-14-3298 (D. Md.); and *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609 (D. Md.). All cases were summarily dismissed.

liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal citation and quotation marks omitted).  Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief.  *Id.*

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a plausible claim entitling her to relief.  Section 2513 of Title 18 of the United States Code is a criminal statute and does not provide a basis to impose civil liability.  *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985).  Moreover, to the extent that plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges.  In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution.  *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978).  The Supreme Court stated in *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973), that, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id.* at 619; *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012), *aff'd per curiam*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1263 (2013).  If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.

The factual assertions and legal conclusions raised in the document regarding plaintiff's unknown neighbors and their advertising business amount to continuous nonsensical chatter. The

3

allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised[,]" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988), and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  *See, e.g.*, *Davis v. Pak*, 856 F.2d 648, 652 (4th Cir. 1988); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and therefore must be dismissed.

    For the aforementioned reasons, the court hereby dismisses the case against defendants.

Date: January 9, 2015              ___/S/_____
                                                Catherine C. Blake
                                                United States District Judge